# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANGHEARA ELFSTROM

**DEFENDANTS**
BIG PICTURE PHILADELPHIA

**(b)** County of Residence of First Listed Plaintiff: Gloucester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer, Esq.; Murphy Law Group, LLC; 1628 John F. Kennedy Blvd, Ste. 2000, Philadelphia, PA 19103; 267-273-1054

Attorneys *(If Known)*
Emily E. Mahler, Esq.; Margolis Edelstein; 535 Smithfield Street, Ste. 1100, Pittsburgh, PA 15222; (412) 281-4256

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq. and 42 U.S.C. § 12101, et seq.

Brief description of cause:
PREGNANCY/GENDER DISCRIMINATION AND RETALIATION and DISCRIMINATION, RETALIATION, AND FAILURE TO ACCOMMODATE

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: Feb 14, 2023

SIGNATURE OF ATTORNEY OF RECORD: /s/ Mary Kramer

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __17 Violet Court, Deptford, NJ 08096__

Address of Defendant: __2300 W Master Street, Philadelphia, PA 19121__

Place of Accident, Incident or Transaction: __4290 Penn Street, Philadelphia, PA 19124__

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✔]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✔]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✔]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✔]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __02/14/2023__    __Mary Kramer__    __324078__
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[✔] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
*(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Mary Kramer, Esq.__, counsel of record *or* pro se plaintiff, do hereby certify:

[✔] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

[ ] Relief other than monetary damages is sought.

DATE: __02/14/2023__    __Mary Kramer__    __324078__
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGHEARA ELFSTROM<br>17 Violet Court<br>Deptford, NJ 08096<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BIG PICTURE PHILADELPHIA<br>2300 W Master Street<br>Philadelphia, PA 19121<br><br>　　　　　　Defendant. | CIVIL ACTION NO. _____<br><br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT – CIVIL ACTION**

Plaintiff, Angheara Elfstrom ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant, Big Picture Philadelphia ("Defendant"), alleges as follows:

1.　　Plaintiff brings this action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act of 1978 ("PDA") and the Philadelphia Fair Practices Ordinance ("PFPO"), Phila. Code § 9-1101, *et seq.*, by discriminating against Plaintiff on the basis of her pregnancy and unlawfully terminating her employment because of her sex and pregnancy.

2.　　Additionally, Plaintiff brings this action to redress violations by Defendant of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the PFPO for unlawfully terminating Plaintiff on account of her actual and/or perceived disabilities; and in retaliation for requesting a reasonable accommodation in connection thereto.

1

## PARTIES

3. Plaintiff is a citizen of the United States and the State of New Jersey, currently residing at 17 Violet Court, Deptford, NJ 08096.

4. Defendant is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. It currently maintains a business located at 4290 Penn Street, Philadelphia, PA 19124 with a registered business office of 2300 W Master Street, Philadelphia, PA 19121.

## JURISDICTION AND VENUE

5. On or about July 21, 2021, Plaintiff filed a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission (the "EEOC"), which was dual-filed with the Philadelphia Commission on Human Relations (the "PCHR"), thereby satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

6. Plaintiff's EEOC Charge was docketed as Charge No. 530-2021-04255 and was filed within one hundred and eighty (180) days of the unlawful employment practice alleged herein.

7. The PCHR docketed Plaintiff's Charge as Complaint No. 2021-08-18-8457 and was filed within one hundred and eighty (180) days of the unlawful employment practice alleged herein.

8. By correspondence dated November 18, 2022, Plaintiff received a Notice of Right to Sue from the PCHR regarding her Complaint, advising Plaintiff she had two (2) years to file suit against Defendant.

9. By correspondence dated December 19, 2022, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising Plaintiff she had ninety (90) days to file suit against Defendant.

10. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

11. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), and the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101 *et. seq*.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

13. The Court has supplemental jurisdiction over Plaintiff's city ordinance claims because those claims arise out of the same nucleus of operative fact as the Title VII and ADA claims.

14. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business herein, and the unlawful practices of which Plaintiff is complaining were committed in this judicial district.

**FACTUAL BACKGROUND**

15. Paragraphs 1 through 14 are hereby incorporated by reference as though the same were fully set forth at length herein.

16. In or around January 2020, Defendant hired Plaintiff in the position of Director of Climate and Culture at Defendant's 4290 Penn Street, Philadelphia, PA 19124 location.

17. During her tenure with Defendant, Plaintiff received positive reviews of her performance, occasional praise, and no justifiable discipline.

18. In or around October 2020, Plaintiff disclosed to Defendant's Human Resources ("HR") Department that she was pregnant and that it was a high-risk pregnancy; Plaintiff informed Defendant's HR Department that her expected due date was May 7, 2021.

19. In or around December 2020, Plaintiff disclosed her high-risk pregnancy to her supervisor, Lydia Gonzalez ("Ms. Gonzalez").

20. Prior to Plaintiff disclosing her pregnancy to Ms. Gonzalez, Ms. Gonzalez said that "no members better get pregnant."

21. When Plaintiff heard Ms. Gonzalez say that "no members better get pregnant," Plaintiff told Ms. Gonzalez that it was illegal to make such comments, but Ms. Gonzalez brushed Plaintiff's concerns away.

22. When Plaintiff disclosed her pregnancy to Ms. Gonzalez, Ms. Gonzalez said, "Nina is pregnant, too. Once I get off this call, I am going to call Jomyra and Monshell to see if they are pregnant. They better not be."

23. Before Plaintiff's pregnancy, it was normal for Plaintiff to voluntarily do additional work outside of the essential functions of Plaintiff's position.

24. However, after Plaintiff became pregnant and her pregnancy became classified as high-risk, she could no longer do additional work outside of the essential functions of her position.

25. On or about December 17, 2020, in a public location within Defendant, Ms. Gonzalez said, "If I tell you to do something and you don't, then I must rethink whether you belong on this team. I don't trust someone here. But we need to be a team." Upon information and belief, Ms. Gonzalez's comments were directed towards Plaintiff.

26. On January 5, 2021, Plaintiff was put on a thirty (30) day performance improvement plan ("PIP") and was scheduled to meet with Ms. Gonzalez and Defendant's Executive Director, David Bromley ("Mr. Bromley"), on Friday, January 8, 2021.

27. Because Plaintiff had been experiencing stress and high anxiety at work, and because her pregnancy was high-risk, it was necessary for Plaintiff see her doctor for a check-up on January 7, 2021.

28. When Plaintiff saw her doctor on January 7, 2021, her doctor took her out of work from January 8, 2021 through January 12, 2021.

29. When Plaintiff saw her doctor on January 7, 2021, she was prescribed Zoloft and advised to see a therapist due to her anxiety.

30. On January 7, 2021, Plaintiff provided a doctor's note to Defendant stating: "Due to medical reasons, Angheara Elfstrom is considered a high-risk prenatal patient. Please allow her to take a 10 minute break from work every 2 hours." Additionally, Plaintiff provided a doctor's note excusing her from work on the aforementioned dates.

31. A high-risk pregnancy and anxiety are disabilities within the meaning of the ADA and the PFPO in that they substantially impair major life activities over an extended period of time.

32. On January 18, 2021, Plaintiff had a meeting with Ms. Gonzalez during which they discussed Plaintiff's concerns with the PIP plan; Ms. Gonzalez ignored Plaintiff's concerns and did not address Plaintiff's responses to the PIP.

33. On January 25, 2021, Plaintiff had an appointment with her doctor, which resulted in Plaintiff's doctor putting her on Short Term Disability (STD) leave for one (1) month.

34. The following day, January 26, 2021, Plaintiff received an email from HR asking to meet via Zoom with a subject line of "Short Term Disability Review and Touch Base;" when

Plaintiff joined the Zoom call, Ms. Gonzalez and Mr. Bromley were both on the call, along with an HR Representative.

35.     The HR Representative advised Plaintiff that she had incorrectly signed the STD documents and that Ms. Gonzalez was terminating Plaintiff's employment effective January 27, 2021.

36.     Soon after the Zoom call, Plaintiff received a termination letter stating her employment was being terminated due to "unsatisfactory performance of duties."

37.     Plaintiff was terminated before the thirty (30) days allotted for improvement in the PIP, which was set to end on February 5, 2021; notably, Plaintiff had accomplished all of the goals given to her in the PIP.

38.     Accordingly, Plaintiff believes, and thus avers, that she was subjected to discrimination on the basis of her gender (female), pregnancy/high-risk pregnancy, on the basis of her disability, such disability that Defendant regarded Plaintiff as having, and that Defendant unlawfully terminated Plaintiff's employment in retaliation for her requests for an accommodation in connection to her pregnancy/high-risk pregnancy and disability, in violation of Title VII as amended by the PDA, the ADA, and the PFPO.

39.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to her reputation.

# COUNT I
## TITLE VII – 42 U.S.C. § 2000e *et seq.*
### PREGNANCY/GENDER DISCRIMINATION AND RETALIATION

40. Paragraphs 1 through 39 are hereby incorporated by reference as though the same were set forth at length herein.

41. Defendant employed at least fifteen (15) employees throughout its various office locations at all times material hereto.

42. Defendant discriminated against Plaintiff on the basis of her gender (female) and/or pregnancy.

43. Defendant's management, who had the authority to materially alter the terms and conditions of Plaintiff's employment, targeted her with discrimination on the basis of her pregnancy, a protected class within the meaning of Title VII, as amended by the PDA.

44. Defendant took affirmative discriminatory action against Plaintiff on the basis of her gender (female) and/or pregnancy and in retaliation for her request for accommodations in connection thereto, by terminating Plaintiff's employment.

45. Defendant violated Title VII as amended by the PDA, in that Defendant unlawfully terminated Plaintiff on account of her gender (female), pregnancy, and/or in retaliation for her request for accommodations in connection thereto in connection thereto.

46. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

47. Because of Defendant's unlawful acts, Plaintiff has suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.  Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.  Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.  Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D.  Any verdict in favor of Plaintiff is to be molded by this Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

E.  Pre-judgment interest in an appropriate amount; and

F.  Such other and further relief as is just and equitable under the circumstances.

### COUNT II
### THE AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. § 12101 *et. seq.*
### <u>DISCRIMINATION, RETALIATION, AND FAILURE TO ACCOMMODATE</u>

48.  Paragraphs 1 through 47 are hereby incorporated by reference as though the same were set forth at length herein.

49.  At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act of 1990.

50.  Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

51. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as disabled, a protected class under the ADA.

52. Defendant discriminated against Plaintiff on the basis of her actual and/or perceived disabilities, past record of impairment, and/or because Defendant regarded Plaintiff as disabled.

53. Defendant retaliated against Plaintiff for her requests for reasonable accommodations in connection to her disability in violation of the ADA.

54. Defendant unlawfully terminated Plaintiff from employment because of her actual and/or perceived disabilities, and/or in retaliation for her requests for reasonable accommodations in connection to her disabilities, in violation of the ADA.

55. It is further alleged that, by reasons of the foregoing, Defendant unlawfully failed to provide reasonable accommodations for Plaintiff's disability and failed to engage in the interactive process, in violation of the ADA.

56. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable federal law.

**COUNT III**
**PHILADELPHIA FAIR PRACTICES ORDINANCE**
**§ 9-1100, *et. seq***
**PREGNANCY/GENDER DISCRIMINATION AND RETALIATION**

57. Paragraphs 1 through 56 are hereby incorporated by reference as though the same were set forth at length herein.

58. At all times relevant hereto, Plaintiff was an employee within the meaning of the Philadelphia Fair Practices Ordinance Code ("PFPO"), § 9-1100, *et. seq.*

59. At all times relevant hereto, Defendant had at least one (1) employee.

60. Defendant discriminated against Plaintiff on the basis of her gender (female) and/or pregnancy.

61. Defendant's management, who had the authority to materially alter the terms and conditions of Plaintiff's employment, targeted her with discrimination on the basis of her pregnancy, a protected class within the meaning of the PFPO.

62. Defendant took affirmative discriminatory action against Plaintiff on the basis of her gender (female) and/or pregnancy, and in retaliation for her request for accommodations in connection thereto, and by unlawfully terminating Plaintiff's employment.

63. Defendant unlawfully terminated Plaintiff on account of her gender (female), pregnancy, and in retaliation for her requests for an accommodation in connection thereto.

64. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

65. Because of Defendant's unlawful acts, Plaintiff has suffered damages in the form of, *inter alia,* loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D. Pre-judgment interest in an appropriate amount;

E. Such other and further relief as is just and equitable under the circumstances; and

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## COUNT IV
## PHILADELPHIA FAIR PRACTICES ORDINANCE
## § 9-1100, *et. seq*
## DISABILITY DISCRIMINATION/FAILURE TO ACCOMMODATE/RETALIATION

66. Paragraphs 1 through 65 are hereby incorporated by reference as though the same were set forth at length herein.

67. At all times relevant hereto, Plaintiff was an employee within the meaning of the Philadelphia Fair Practices Ordinance Code ("PFPO"), § 9-1100, *et. seq.*

68. At all times relevant hereto, Defendant had at least one (1) employee.

69. Plaintiff is a qualified individual with a disability within the meaning of the PFPO.

70. Defendant was aware of Plaintiff's disabilities.

71. Plaintiff requested a reasonable accommodation in connection to her disabilities.

72. Defendant failed to accommodate Plaintiff's requests for a reasonable accommodation and engage in the interactive process in connection to her disabilities.

73. Defendant discriminated against Plaintiff on the basis of her actual and/or perceived disabilities, past record of impairment, and/or because Defendant regarding Plaintiff as disabled, in violation of the PFPO.

74. Defendant retaliated against Plaintiff for her requests for reasonable accommodations in connection to her disabilities, in violation of the PFPO.

75. By reason of the foregoing, Defendant unlawfully terminated Plaintiff from her employment because of her actual and/or perceived disabilities and in retaliation for a reasonable accommodation in connection thereto, in violation of the PFPO.

76. Additionally, Defendant failed to provide Plaintiff with a reasonable accommodation and failed to engage in the interactive process, in violation of the PFPO.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D. Pre-judgment interest in an appropriate amount;

E. Such other and further relief as is just and equitable under the circumstances; and

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issue so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

Date: February 14, 2023

By: */s/ Mary Kramer*
Mary Kramer, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
mkramer@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.